1  David D. Lawrence, Esq. [State Bar No. 123039]
   E-Mail: dlawrence@lbaclaw.com
2  Christina M. Sprenger, Esq. [State Bar No. 205105]
   E-Mail: csprenger@lbaclaw.com
3  Daniel S. Cha, Esq. [State Bar No. 260256]
   E-Mail: dcha@lbaclaw.com
4  LAWRENCE BEACH ALLEN & CHOI, PC
   1600 North Broadway, Suite 1010
5  Santa Ana, California 92706
   Telephone No.: (714) 479-0180
6  Facsimile No.:  (714) 479-0181

7  Attorneys for Defendants, CITY OF DOWNEY, DOWNEY POLICE
   DEPARTMENT, CHIEF OF POLICE RICK ESTEVES, CHRISTOPHER KURTZ,
8  DETECTIVE JASON KLEVOS, OFFICER MILOSEVICH, M. CASWELL, F.
   QUINTANA, I, KIM, and R. FLORES

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 CAROLE A. COSENTINO, RONALD ) Case No. CV 11-03206 GAF(SSx)
13 L. BOURS, ESTATE OF STEVEN M. )
   BOURS, D.B.by and through his )
14 guardian ad litem Linda Capalbo, )
   individually and as a successor in ) **[PROPOSED] PROTECTIVE
15 interest to Steven Bours; V.B. by and ) ORDER FOR PERSONNEL
   through his guardian ad litem Linda ) COMPLAINTS TO BE PRODUCED
16 Capalbo, individually and as a successor ) PURSUANT TO NOVEMBER 8, 2012
   in interest to Steven Bours, ) ORDER GRANTING IN PART AND
17                                  ) DENYING IN PART PLAINTIFFS'
                Plaintiff,          ) MOTION TO COMPEL
18                                  ) PERSONNEL COMPLAINTS
        vs.                         )
19                                  )
   CHRISTOPHER KURTZ, RICK          )
20 ESTEVES, CHIEF OF POLICE, DET.   )
   JASON KLEVOS, M. CASWELL, R.     )
21 FLORES, I. KIM, F. QUINTANA, M.  )
   MILOSEVICH, DOWNEY POLICE        )
22 DEPARTMENT,  a governmental entity, )
   CITY OF DOWNEY, a governmental   )
23 entity, JOHN DOE, and TEN        )
   UNKNOWN NAMED DEFENDANTS         )
24 ("DOES" 1 -10), inclusive,       ) **MATTER FOR DETERMINATION
                                    ) BEFORE THE HONORABLE
25             Defendants.          ) SUZANNE SEGAL
26 _____ )

27

28

Pursuant to this Court's November 8, 2012 Order Granting In Part And Denying In Part Plaintiffs' Motion To Compel Personnel Complaints (Docket No. 62), IT IS SO ORDERED:

1.    <u>Good Cause Statement and Confidential Materials.</u>  Defendants and Plaintiffs have agreed that the below-listed categories of documents shall be designated confidential documents and/or writings because Defendants believe, in good faith, that these documents and/or writings are protected by the Official Information Privilege and Defendants' rights of privacy, or are otherwise privileged and confidential.  Confidentiality will be accomplished by affixing to any responsive document or writing a legend, such as "Confidential", "Confidential Documents," "Confidential Material" or words of similar effect.  Documents and writings so designated (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this Order.  Documents, writings and things to be designated as such, include the following:

All documents responsive to the categories of documents ordered to be produced in the Court's November 8, 2012 Order on Plaintiffs' Motion To Compel Personnel Complaints, which are certain categories of personnel complaints against law enforcement officer Defendants, as set forth in the Court's Order.  Specifically, any personnel complaints from February 2005 to the present, alleging the following categories of misconduct against Defendants Christopher Kurtz, Jason Klevos, Marko Milosevich, Mark Caswell, Francisco Quintana, Il Koo Kim, and Rene Flores: (1) excessive or wrongful use of force, (2) false arrests, (3) false statements, (4) dishonesty, (5) misuse of authority, or (6) perjury.

2.    <u>Confidential Information.</u>  This Protective Order shall apply to all Confidential Information produced by Defendants to Plaintiffs (the "Receiving Parties").  The Confidential Information may be contained in originals and copies of relevant interrogatory responses obtained from Defendants in this matter; originals and copies of relevant documents responsive to the Plaintiffs' requests for production of

documents obtained from Defendants in this matter; and originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, or referred to.  The Confidential Information shall be subject to this Protective Order as follows:

3.     <u>Storage Of Confidential Information.</u>   Immediately upon production by the Disclosing Party, attorneys for the Receiving Parties shall personally secure and maintain the Confidential Information in their possession.  The Confidential Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

4.     <u>Confidential Information Legend.</u>  All documents containing Confidential Information shall be stamped "CONFIDENTIAL," "CONFIDENTIAL DOCUMENTS,"  "CONFIDENTIAL MATERIAL" or words of similar effect.

5.     <u>Limitation Of Use Of Confidential Information.</u>  Attorneys for the Receiving Parties shall not cause or knowingly permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order.  Any such disclosure shall be construed as a violation of this Order, except when used for purposes of this litigation as described in Paragraph Nos. 8 and 9 of this Order.

6.     <u>Testimony Regarding The Confidential Information.</u>  In the case of depositions, any party may orally, during the deposition, designate all or any portion of the deposition testimony given in this litigation as Confidential Information.  Any questions intended to elicit testimony regarding the contents of the Confidential Information shall be conducted only in the presence of persons authorized to review the Confidential Information as provided in this Order.  Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions applicable to the Confidential Information.

[PROPOSED] PROTECTIVE ORDER FOR PERSONNEL COMPLAINTS

7.      Inadvertent Disclosure.  If the Disclosing Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by (1) promptly notifying all other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend.  In that event, the parties receiving the inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the party had already disseminated the Confidential Information to any person, the party will notify all such persons in writing of the need to return such Confidential Information and not to further disseminate it.

8.      Limitations On The Non-Litigation Use Of Confidential Information. The secrecy and confidentiality of the Confidential Information exchanged during discovery in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this action.  Specifically, the Receiving Parties may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, or other publications.  The Receiving Parties are prohibited from placing any of the Confidential Information on the internet or providing any of the Confidential Information to any category of persons not designated in Paragraph No. 10 of this Order, below.

9.      Court Filings.  If necessary in the judgment of attorneys for Receiving Parties, said attorneys may show or reveal the contents of the Confidential Information to the court only pursuant to Local Rule 79-5.1.  However, nothing in this paragraph shall be construed to bind the Court so as to limit or prevent the publication of any Confidential Documents to the jury or factfinder, at the time of trial of this matter, where the Court has deemed such Confidential Documents to be admissible into evidence.

10.     Other Persons Authorized To Review Confidential Information.  The Parties' attorneys of record may be permitted to see originals and obtain copies of

the Confidential Information covered by this Order.  Also, Defendants, including officers, directors, employees, and experts thereof may be permitted to review the Confidential Information.  Additionally, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Parties to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order, provided such experts and employees have first executed the written statement set forth in Paragraph No. 11 below, and comply with the provisions of that section.  Plaintiff shall be authorized to review Confidential Information, subject to the limitations set forth in Paragraph No. 12.

      11.    <u>Applicability Of Order To Other Persons.</u>  Prior to the disclosure of any Confidential Information to any person described above, attorneys for the Receiving Parties who seek to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute the following acknowledgment:

> "I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in this action, *Carole A. Cosentino, et al. v. Christopher Kurtz, et al.*, United States Central District Court Case No. CV 11-03206 GAF(SSx), and I hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of any Confidential Information.  I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.
>
>     Dated: _____
>
>     Signature: _____"

This written requirement applies to, but is not limited to, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Parties' counsel to assist in the preparation and/or the litigation of this action. The Receiving Parties shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal.

12. <u>Plaintiffs' Possession of Materials And Redaction Of Defendants' Personal Identification Information.</u> Plaintiffs may not have possession of any Confidential Information, or material derived therefrom, during any period of incarceration in jail or prison. Further, any personal identifying information (including, but not limited to, home addresses, home telephone numbers, personal cell phone numbers, dates of birth, social security numbers, and drivers' license numbers) of any individual Defendant or other law enforcement officer, contained in any Confidential Information produced or maintained pursuant to this Order, shall be redacted. Any Confidential Information that contains any inadvertently unredacted personal identifying information will be subject to the procedures set forth in Paragraph No. 7 of this Order. Plaintiffs' attorneys or agents may not share any of the Defendants' personal identifying information with Plaintiffs.

13. <u>No waiver of objections.</u> Nothing in this Order constitutes any decision by the Court concerning discovery disputes, other than those decided by this Court's November 8, 2012 Order Granting In Part And Denying In Part Plaintiffs' Motion To Compel Personnel Complaints, or the admission into evidence of any specific document or testimony, or liability for payment of any costs of production or reproduction of documents. This Order also does not constitute a waiver by any party of any right to object to any discovery (except as to discovery requests the propriety of which have already been decided by this Court's November 8, 2012 Order Granting In Part And Denying In Part Plaintiffs' Motion To Compel Personnel Complaints) or admission into evidence of any document, record,

[PROPOSED] PROTECTIVE ORDER FOR PERSONNEL COMPLAINTS

testimony or other information that is subject to this Order.  Nor do Defendants waive any privileges or privacy rights, including, but not limited to, the investigatory files or official information privileges, *see, e.g.*, *Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this Order.

14. <u>Subpoena for Confidential Information.</u>  In the event that the Receiving Parties receive a subpoena, discovery request, or other legal process seeking production of Confidential Information, the Receiving Parties must give prompt written notice to the Disclosing Party.  The Receiving Parties shall inform the person or entity seeking the information of the existence of this Order and shall not produce the Confidential Information absent a Court Order requiring such production.

15. <u>Return of Confidential Information.</u>  Not more than thirty (30) calendar days after the conclusion (including all appeals) of this case, the Receiving Parties, and every other person and/or entity who received originals or copies of the Confidential Information, shall return all originals and copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph No. 11 of this Order, to the Disclosing Parties care of:

> Daniel S. Cha, Esq.
> Lawrence Beach Allen & Choi, PC
> 1600 N. Broadway, Suite 1010
> Santa Ana, California 92706

Alternatively, the Receiving Parties and every other person and/or entity who received originals or copies of the Confidential Information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case.  If Receiving Parties and every other person and/or entity who received originals or copies of the Confidential Information destroy all such

material and material derived therefrom within thirty (30 ) calendar days after the conclusion of this case, in lieu of returning the originals or copies of the Confidential Information, counsel for Receiving Parties must inform Disclosing Parties of the destruction of all originals and copies of the Confidential information and material derived therefrom, in writing, within fourteen (14) calendar days of the destruction of all the Confidential Information and material derived therefrom.

This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

16.     Survivability of Order.  This Order shall survive the termination of this action, and the Court shall retain jurisdiction to enforce it.

IT IS SO ORDERED.

Dated:  _November 16, 2012____      _____/S/_____
                                                             Honorable Suzanne H. Segal
                                                             United States Chief Magistrate District Judge

[PROPOSED] PROTECTIVE ORDER FOR PERSONNEL COMPLAINTS

**<u>PROOF OF SERVICE</u>**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Daniel S. Cha, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a Party to the within action; my business address is 1600 North Broadway, Suite 1010, Santa Ana, California 92706.

On November 15, 2012, I electronically filed the foregoing **[PROPOSED] PROTECTIVE ORDER FOR PERSONNEL COMPLAINTS TO BE PRODUCED PURSUANT TO NOVEMBER 8, 2012 ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PERSONNEL COMPLAINTS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following e-mail addresses:

**Jeff Dominic Price – jeff.price@mac.com**

**Daniel C. Sharpe – daniel.c.sharpe@gmail.com**

__ 　　BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.

 X 　　(Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 15, 2012, at Santa Ana, California.


　　　　　　　　/s/ Daniel S. Cha
　　　　　　　　Signature of Declarant

[PROPOSED] PROTECTIVE ORDER FOR PERSONNEL COMPLAINTS